IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN DURRANT, | : |
| | : |
|     Petitioner | : |
| | : |
|   v. | :   CIVIL NO. 4:CV-14-1099 |
| | : |
| SUPERINTENDENT BICKELL, | :   (Judge Brann) |
| | : |
|     Respondent | : |

**MEMORANDUM**

December 7, 2015

**Background**

This pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 was filed by Sean Durrant, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania, (SCI-Huntingdon). Service of the Petition and supporting memorandum (Doc. 7) was previously ordered.

It is undisputed that on March 20, 2008, Durrant entered a negotiated guilty plea to charges of third degree murder and conspiracy to commit murder in the Court of Common Pleas of Lycoming County, Pennsylvania. On June 22, 2010, the Petitioner was sentenced to the agreed upon sentence, a 25 to 60 year term of imprisonment.

1

Durrant admitted that he conspired with a co-defendant to murder the victim, Eric Sawyer.  Thereafter, the Petitioner shot Sawyer twice with a shotgun.  A vehicle occupied by Petitioner and his co-defendant which was seen driving away from the area of the shooting was stopped by police.  Evidence was obtained from that vehicle.  After being taken into custody, Petitioner made an incriminating statement to police without counsel being present.  The Petition indicates that Durrant's initially appointed defense counsel was Chief Public Defender William Miele of the Lycoming County Public Defender's Office.

 A counseled pre-trial motion to suppress the evidence seized from the vehicle and Durrant's confession was denied following an evidentiary hearing.  Petitioner indicates that while his criminal case was still  pending he filed a malpractice lawsuit against Chief Public Defender Miele because he was dissatisfied with the handling of the suppression motion.

Petitioner claims that his filing of a lawsuit against Attorney Miele created a conflict of interest with the Public Defender's Office and the trial court should have provided him with new criminal defense counsel from outside of the Public Defender's Office.  Following a March 17, 2008 hearing on the issue of appointment of new counsel, Petitioner agreed to be represented by both Attorney

Miele and Assistant Public Defender Nicole Spring.[1]  Shortly thereafter, he entered into a counseled plea agreement.  Durrant acknowledges that he did not file post-sentence motions or a direct appeal.

However, Petitioner collaterally challenged the legality of his plea via an February 3, 2011 action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2]  See Doc. 1, ¶ 11.  The PCRA petition is described by Durrant as alleging that: (1) the police lacked probable cause for stopping the vehicle; (2) ineffective assistance of Attorney Miele for not challenging the illegal stop, withholding evidence that the Commonwealth was attempting to manufacture a witness, failure to raise conflict of interest, and neglecting to pursue a Miranda v. Arizona, 384 U.S. 436 (1966) violation argument with respect to Petitioner's incriminating statement; and (3) prosecutorial misconduct for withholding the lack of evidence described above as required under Brady v. Maryland, 373 U.S. 83 (1963)(the government has a duty to provide the defense with potentially

---

[1] Miele and Spring were both employed by the same Public Defender's Office and represented Durrant as co-counsel.

[2] See 42 Pa. Cons. Stat. Ann. § 9541 et seq.  The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir. 1991).

exculpatory or impeachment evidence).

After post conviction counsel submitted a no merit letter and filed a motion seeking permission to withdraw which was granted, the PCRA petition was dismissed without a hearing on September 28, 2012. The Pennsylvania Superior Court affirmed the dismissal of Peitioner's PCRA action on August 6, 2013. See Doc. 15-7. Thereafter, the Supreme Court of Pennsylvania denied Durrant's request for allowance of appeal. See Doc. 15-8.

Ground One of Petitioner's pending action argues federal habeas corpus relief should be granted on the basis that Attorney Spring failed to raise the ineffective assistance of Attorney Miele because of a conflict of interest in that both were employed with the Public Defender's Office. See Doc. 1, ¶ 12. Ground Two similarly contends that Durrant's guilty plea was invalid because there was a conflict of interest between himself and the Public Defender's Office which warranted the appointment of outside defense counsel.[3]

Ground Three maintains that both attorneys were deficient for: sufficiently not pursuing an argument that the police lacked probable cause to stop his vehicle;

---

[3] Petitioner's argument adds that Miele purportedly withheld facts needed to show his innocence. This presumably references Durrant's contention that he was not informed by Miele that the Commonwealth attempted to obtain testimony from a fellow inmate, Joshua Feigles, who knew nothing about Petitioner's case.

4

failing to disclose that the Commonwealth attempted to use Inmate Feigles as a "manufactured" witness; and neglecting to establish that there was a violation of Durrant's <u>Miranda</u> rights. Ground Four similarly maintains that Petitioner's <u>Miranda</u> rights were violated by the Commonwealth because he was denied counsel during a police interrogation.

Respondent argues that Durrant is not entitled to federal habeas corpus relief on the grounds: (1) his ineffective assistance arguments were procedurally defaulted in state court; (2) the Fourth Amendment claim cannot be entertained; and (3) Petitioner's claims lack merit.

**Discussion**

**I.    Procedural Default**

Respondent initially maintains that Durrant procedurally defaulted his ineffective assistance arguments in state court because the Superior Court determined that those issues were waived because they were not properly developed.[4] <u>See</u> Doc. 15, p. 4. Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person

---

[4] The Superior Court stated that Petitioner had failed to provide the order appealed from, a statement of the questions involved, a statement of the case, and a summary of the argument. <u>See id</u>. at p. 3.

5

in custody pursuant to the judgment of a State court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.[5] The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001). "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81,

---

[5] However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process).  The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847.  The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts.  See id. at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts.  Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001).  The

7

exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding.  Evans, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility.  See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir. 1993).  Such a claim is procedurally defaulted, not unexhausted.  A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Beard v. Kindle, 558 U.S. 53, 55 (2009).  Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

The Pennsylvania Superior Court in addressing Petitioner's PCRA action noted that only "two discernible issues" were raised, ineffective assistance of

counsel and invalidity of his guilty plea.[6]  Doc. 15-7, p. 4.  The ineffective assistance argument was described by the Superior Court as consisting of claims relating to failure to appoint substitute counsel for Durrant and neglecting to conduct a reasonably adequate pretrial investigation including the interviewing of potential Commonwealth witness Feigles.

The Superior Court's decision clearly did not address any Miranda based claims or any contentions that the police lacked probable cause to stop his vehicle. See Grounds Three and Four.   Petitioner's supporting memorandum generally indicates that although his arguments may have been procedurally defaulted in state court, that failure should be excused because his PCRA counsel was ineffective.  See Doc. 7, p. 5.

Based upon a review of the Superior Court's August 6, 2013 Memorandum, Petitioner's own admission and given the passage of time and the fact that he  has already pursued a PCRA action, this Court agrees that any Miranda based arguments or claims that the police lacked probable cause to stop Durrant's vehicle have been procedurally defaulted in state court.

---

[6] The invalid guilty plea claim sought relief on the basis that Petitioner's plea resulted from his fear of the death penalty, an argument which is not presently before this Court.

The probable cause and <u>Miranda</u> arguments were included in the PCRA petition filed with the sentencing court. <u>See</u> Doc. 15-5, pp. 2-4. Thus, there is clearly no basis for a determination that procedural default should be excused because the ineffective assistance of PCRA counsel prevented them from being addressed during that proceeding.

Second, the undisputed record reflects that Petitioner's appeal to the Superior Court was filed <u>pro se</u>. Durrant has failed to offer any viable explanation as to why he did not include his <u>Miranda</u> and lack of probable cause arguments in his Superior Court appeal. As such, he has failed to establish cause and resulting prejudice for those procedurally defaulted arguments. There is also no basis for a finding that a fundamental miscarriage of justice would result if said claims were not addressed on their merits. The Respondent's request for dismissal of the probable cause and <u>Miranda</u> arguments will be granted.

## II. **Fourth Amendment**

Respondent alternatively argues that Petitioner's claim of a Fourth Amendment violation cannot be entertained. <u>See</u> Doc. 15, p. 4. As previously discussed, Petitioner maintains that evidence seized from a vehicle he was occupying should have been suppressed because the police lacked probable cause to stop the vehicle. He also indicates that his request to suppress an incriminating

statement he made to police should have been granted because he was not provided with his Miranda warnings.

Assuming arguendo, that Petitioner's procedural default should be excused, federal habeas corpus review is generally not available to adjudge the correctness of a state court evidentiary ruling. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001); Lupkovich v. Cathel, Civil No. 04-5399, 2006 WL 3313975, at *4 (D. N.J., Nov. 14, 2006). Evidentiary rulings are matters of state law, and are not within the province of a federal habeas corpus court. See King v. Kerestes, Civil No. 09-1749, 2009 WL 5178805, at *3 (E.D. Pa., Dec. 21, 2009). It is only where an evidentiary ruling "so infuse[s] the trial with unfairness as to deny due process of law," Lisenba v. People, 314 U.S. 219, 228 (1941), that federal habeas corpus review may exist.

It is equally well settled that "... a state prisoner may not be granted federal habeas corpus relief on the ground that evidence seized in an unconstitutional search or seizure was introduced at his trial," if the state has already provided an "opportunity for full and fair litigation" of his Fourth Amendment claim. Stone, 428 U.S. 465, 494; Deputy v. Taylor, 19 F.3d 1485, 1491 (3d Cir.), cert denied, 512 U.S. 1230 (1994). Stone precludes a habeas petitioner from raising a Fourth Amendment claim if he has been afforded a full and fair opportunity to litigate

11

that claim in state court.  <u>Gilmore v. Marks</u>, 799 F.2d 51, 54 (3d Cir. 1986), <u>cert. denied</u>, 479 U.S. 1041 (1987).

The undisputed record of this action as summarized above clearly demonstrates that Durrant was afforded a full and fair opportunity to litigate any Fourth Amendment claims in state court.  As evidenced in the record, Petitioner pursued a counseled motion to suppress as well as a PCRA action which included his pending Fourth Amendment claims.  Furthermore, the trial court's evidentiary ruling denying Durrant's motion to suppress is a question of state evidentiary law, which is not cognizable under § 2254.  Durrant is not entitled to federal habeas corpus relief with respect to any claims regarding the failure to suppress evidence.

### III.   **Merits Analysis**

Respondent alternatively contends that Petitioner's arguments for federal habeas corpus relief lack merit.  <u>See</u> Doc. 15, p. 4.  "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).[7]  See generally, Knowles v. Mirzayance, 556 U.S. 111, 114 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001).  The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.  Williams v. Taylor, 529 U.S. 362, 404-405 (2000).  As explained in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. . . . The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. . . . The focus of the latter inquiry is on whether the state court's application of clearly established federal law is

---

[7] Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; . . . .

> objectively unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. 28 U.S.C. § 2254(e) (1).

In summary, the appropriate inquiry for federal district courts in reviewing the merits of Section 2254 petitions is whether the state court decisions applied a rule different from the governing law set forth in United States Supreme Court cases, decided the case before them differently than the Supreme Court has done on a set of materially indistinguishable facts, or unreasonably applied Supreme Court governing principles to the facts of the particular case. See Keller v. Larkins, 251 F.3d 408, 417-18 (3d Cir. 2001) (a district court entertaining a § 2254 action must first address whether the state court decision was contrary to Supreme Court precedent); Martini v. Hendricks, 188 F. Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that the state court decision was based on an unreasonable determination of facts in light of evidence presented in the state court proceeding). Findings of fact by the state courts are presumed to be correct unless the petitioner shows by clear and convincing evidence that they are not. See 28 U.S.C. § 2254(e)(1).

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States

Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). In Deputy, the United States Court of Appeals for the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance. Id. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. See Burger v. Kemp, 483 U.S. 776, 794 (1987). It follows

that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and show prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992) "Without proof of both deficient performance and prejudice to the defense . . . it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell, 535 U.S. at 695 (internal quotations and citation omitted).[8]

At the time of Petitioner's state court proceedings, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. In addressing Durrant's present ineffective assistance claims, the state courts applied essentially the same two-

---

[8] A court may choose to address the prejudice prong first and reject an ineffective assistance claim solely on the basis that the defendant was not prejudiced. See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

prong test for ineffective assistance articulated in Strickland.

Specifically, under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test. See, e.g., Commonwealth v. Pierce, 527 A.2d 973, 975-77 (Pa. 1987). The Third Circuit has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n.9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, it cannot be said that the state courts applied rules contrary to prevailing principles established by the Supreme Court for the adjudication of ineffective assistance claims.

Accordingly, under § 2254(d)(1), the relevant inquiry in addressing the pending ineffectiveness claims is whether the Pennsylvania state courts' decisions involved an unreasonable application of Strickland or were based on an unreasonable determination of the facts. Jacobs, 395 F.3d at 107 n.9; Werts, 228 F.3d at 204.

Prior to entry of Petitioner's guilty plea the trial court conducted a hearing to determine whether he should be appointed new counsel because his initiation of

a civil suit against Attorney Miele constituted a conflict of interest. [9]  During that proceeding, Petitioner testified that he was not satisfied with the way Attorney Miele had argued the suppression motion and was upset that he had not been informed regarding the previously discussed situation involving the Commonwealth's attempt to obtain testimony by Inmate Feigles.  Durrant was made aware of his right to be represented by the Public Defender's Office but was told he did not have the right to pick which public defenders would represent him. See Fischetti v. Johnson, 384 F.3d 140, 145  (3d Cir. 2004)("the need for an orderly and expeditious trial may require that a defendant proceed with counsel not of his preference"); see also United States v. Leveto, 540 F.3d 200, 207 (3d Cir. 2008).[10]

   Following that March 17, 2008 hearing and a related conference between Petitioner and his defense counsel, he agreed on the record to be represented by

---

[9] The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." United States v. Goldberg, 67 F.3d 1092, 1097  (3d Cir. 1995).  The right to counsel is fundamental and binding on the state courts. Johnson v. Zerbst, 304 U.S. 458, 462 (1938).  Erroneous deprivation of a criminal defendant's right to the assistance of counsel is per se reversible error. Chapman v California, 386 U.S. 18, 23 (1967).

[10]   There is no indication that the Public Defenders' Office expressed to the court any concern regarding conflict of interest.

both Attorney Miele and Spring. Furthermore, during a subsequent oral plea collquy on March 20, 2008 Petitioner indicated that he was satisfied with the representation of his defense counsel.

Since Petitioner acknowledges that he knew about Inmate Feigles' lack of knowledge regarding the murder prior to entering his guilty plea, his claim of ineffective assistance is not compelling since there was clearly no resulting prejudice. Second, since Petitioner elected to proceed with representation by the Public Defender's Office despite his prior concern over a potential conflict of interest, there is also no basis for relief with respect to the argument that counsel was ineffective for failing to raise the issue of conflict of interest.

Next, a habeas petitioner "faces a heavy burden in challenging the voluntary nature of his guilty plea." Lesko v. Lehman, 925 F.2d 1527, 1537 (3d Cir. 1991). A court's inquiry "is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Federal habeas challenges to the voluntary nature of a guilty plea based on unfulfilled promises or representations "must advance specific and credible allegations." Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994).     Criminal defendants who enter into plea agreements must be advised of the direct consequences of their plea. The Third Circuit has stated that the only

19

consequences considered direct are the maximum prison term and fine for the offense charged. Parry v. Rosemeyer, 64 F.3d 110, 113-14 (3d Cir. 1995). There is no due process requirement that a defendant be advised of adverse collateral consequences of pleading guilty, even if they are foreseeable. Belle v. Varner, 2001 WL 1021135 *10 (E.D. Pa. 2001).

Based upon a thorough review of the record, including the written (Doc. 15-2) and oral (Doc. 15-1) plea colloquies, this Court is satisfied that the due process requirements set forth in Broce and Parry were satisfied. It is apparent that counsel adequately discussed with Petitioner the terms and ramifications of the plea offer.

## IV. Conclusion

In conclusion, despite having been afforded a liberal review by this Court, Durrant has not satisfied his burden of establishing any entitlement to federal habeas corpus relief. Accordingly, his habeas corpus petition will be denied. An appropriate Order will enter.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge